IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FOAM HOLDINGS, INC.
d/b/a Alleguard                                                                                    PLAINTIFF

v.                              Case No. 4:23-cv-00320-KGB

CREATIVE FOAM PRODUCTS, LLC, *et al.*                                          DEFENDANTS

## ORDER

Pending before the Court are defendants Creative Foam Products, LLC ("Creative Foam") and Charles Tyner's motion to exclude plaintiff Foam Holdings, Inc. d/b/a Alleguard's ("Alleguard") expert report, or, in the alternative, motion to compel and to amend the scheduling order (hereinafter "motion to exclude expert") (Dkt. No. 121); Alleguard's motion for leave to file an out-of-time response to defendants' motion to exclude expert (hereinafter "motion to file response") (Dkt. No. 123); Alleguard's motion to extend discovery deadlines and continue the trial date with memorandum of law in support (hereinafter "motion to extend deadlines") (Dkt. No. 127); and Creative Foam's motion for protective order (Dkt. No. 128).  Defendants filed a response in opposition to Alleguard's motion for leave to file response (Dkt. No. 124).  On November 10, 2025, the Court held a hearing on the pending motions (Dkt. No. 133).  On the same day, Defendants filed a motion for voluntary dismissal of their counterclaims (Dkt. No. 131).  Alleguard has filed a response to defendants' motion for voluntary dismissal of their counterclaims (Dkt. No. 135).

At the hearing, the Court requested that by November 19, 2025, the parties notify the Court of dates, between now and December 31, 2025, that their expert witnesses are available to be deposed.  Additionally, the Court asked the parties whether any discovery disputes now pending before United States Magistrate Judge J. Thomas Ray will no longer require a ruling by the Court,

if the Court grants defendants' motion for voluntary dismissal of their counterclaims. On November 19, 2025, defendants responded informally to the Court that they believe that their request for additional supplementation of discovery concerning Mr. Tyner's compensation at Alleguard will be rendered moot if the Court is to grant their motion to dismiss their counterclaims. Defendants also provided several dates in December 2025 that their experts and counsel are available for depositions. On November 19, 2025, Alleguard responded informally to the Court with dates that Alleguard's expert witness is available for deposition and raised for the first time with the Court what appear to be new discovery issues.

## I.   Overview Of The Case

Alleguard filed this case on April 3, 2023, claiming defendants violated the federal Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*, and the Arkansas Trade Secrets Act, Arkansas Code Annotated § 4-75-601 *et seq*. (Dkt. No. 1, ¶¶ 55–84). Alleguard also brings a breach of contract claim against Tyner based on an alleged confidentiality agreement (*Id.*, ¶¶ 85–93) and an additional claim against both defendants for unjust enrichment (*Id.*, ¶¶ 94–96). Alleguard seeks injunctive relief against defendants (*Id.*, ¶¶ 97–105).

Defendants filed an amended answer that generally denies the allegations in Alleguard's complaint and that asserts defenses and counterclaims (Dkt. No. 60). Tyner brings counterclaims against Alleguard for violation of the Arkansas Sales Representative Act, for unpaid wages in violation of Arkansas Code Annotated § 11-4-405, for breach of contract, for unjust enrichment, and for fraud (*Id.*, at 21–23, ¶¶ 30-48). Defendants bring counterclaims against Alleguard for tortious interference with a contractual or business expectancy and for defamation (*Id.*, at 24–25, ¶¶ 49–58).

On August 6, 2025, this Court entered its Third Amended Final Scheduling Order (hereinafter the "Operative Scheduling Order") setting this case for a bench trial sometime during the week of January 26, 2026 (Dkt. No. 120, ¶ 1). The Operative Scheduling Order provides that case-in-chief expert disclosures, including reports, must be made by August 29, 2025, and rebuttal expert disclosures, including reports, must be made by September 29, 2025 (*Id*., ¶ 3). The Operative Scheduling Order set a deadline of November 12, 2025, for the completion of discovery (*Id*., ¶ 2). The Operative Scheduling Order further provides with respect to the November 12, 2025, discovery deadline, "[t]he parties may conduct discovery beyond this date if all parties are in agreement to do so[.] The Court, however, will not resolve any disputes in the course of this extended discovery. *All discovery requests and motions must be filed sufficiently in advance of the discovery deadline set forth in this order to allow for a timely response*." (*Id*. (emphasis added)). The deadline for all motions, except class certification motions and motions *in limine*, in the Operative Scheduling Order is November 28, 2025 (*Id*., ¶ 5).

The Court will discuss each of the pending pretrial motions.

## II.  Defendants' Motion To Exclude Expert And Plaintiff's Motion To File Response

### A.  Factual Background

On October 1, 2025, defendants filed their motion to exclude expert seeking to exclude Alleguard's damages expert report, or, in the alternative, to compel disclosure of supporting evidence for the damages expert's report and to amend the scheduling order to permit defendants' time to disclose a rebuttal expert witness and to depose Alleguard's damages expert (Dkt. No. 121). In the motion to exclude expert, defendants allege that, on August 29, 2025, Alleguard produced to defendants a report on damages from its expert (Dkt. No. 121, ¶ 2). According to defendants, in correspondence producing the report, Alleguard's counsel promised to supplement

Alleguard's damages expert's disclosures and report to identify documents that are cited in support of the report (*Id.*). On September 15, 2025, defendants followed-up with counsel for Alleguard regarding the promised supplemental expert disclosures (*Id.*, ¶ 3). Defendants assert that, as of the date when they filed their motion to exclude expert, Alleguard had ignored their request for the supplemental expert disclosures (*Id.*, ¶ 4). In their motion to exclude expert, defendants request that the Court, pursuant to Federal Rule of Civil Procedure 37(c)(1), exclude Alleguard's damages expert's report and preclude its damages expert from testifying at trial (*Id.*, ¶ 6). Alternatively, defendants seek to compel the supplemental expert disclosures pursuant to Federal Rule of Civil Procedure 37(a) (*Id.*, ¶¶ 7–9). Additionally, defendants seek an additional 30 days from the date of Alleguard's production of the documents to serve their rebuttal expert disclosures and report (*Id.*, ¶ 9).

Alleguard did not file a timely response to defendants' motion to exclude expert. Instead, on October 24, 2025, 23 days after the motion was filed, Alleguard filed a motion to file response (Dkt. No. 123).[1]

### B.   Motion To File Response (Dkt. No. 123)

In the motion to file response, Alleguard maintains that it "timely served its expert disclosure and report on August 29, 2025," (*Id.*, ¶ 2) but that defendants did not serve any rebuttal expert report or request an extension to do so prior to the September 29, 2025, deadline set forth in the Court's Operative Scheduling Order (*Id.*, ¶¶ 2–3). Alleguard claims that its failure to file a timely response to the motion to exclude expert was due to "a calendaring error within the office of Plaintiff's lead counsel." (*Id.*, ¶ 6). Alleguard asserts that, on October 21, 2025, when it

---

[1] According to Alleguard, its response to the motion to exclude was due on October 15, 2025 (Dkt. No. 123, ¶ 6).

discovered the error, it served copies of all documents referenced in its damages expert's report on defendants' counsel, informed counsel of its error in not responding to the motion to exclude expert, and stated that it would consent to the modification of the Operative Scheduling Order to permit defendants an additional 30 days to produce a rebuttal witness report, so long as, defendants would work with counsel for Alleguard on a date for Alleguard to depose the rebuttal expert witness (*Id*.).  Alleguard asked defendants to withdraw their motion to exclude expert, but defendants did not agree to do so; Alleguard filed it motion to file response (*Id*., ¶¶ 7–9).  Alleguard contends that it would be unduly prejudiced if it was not permitted to file its response because it would be unable to call its chosen damages expert to testify at trial (*Id*., ¶ 10).

Defendants respond that Alleguard's production of its expert report did not comply with Federal Rule of Civil Procedure 26.  According to defendants, counsel for Alleguard was required to supply the underlying damages calculations and correspondence with their expert that formed the basis of the expert's opinions along with the report (Dkt. No. 124, ¶ 2).  Defendants state that Alleguard promised to supplement their expert's report on September 2, 2025, but counsel for Alleguard failed to do so (*Id*.).  On September 15, 2025, counsel for defendants followed-up with an email to counsel for Alleguard inquiring about the status of the missing supplemental expert records, but counsel for Alleguard did not respond to the request (*Id*., ¶ 3).  Defendants contend that they were unable to comply with the rebuttal expert disclosure deadline because of the absence of the materials withheld by Alleguard (*Id*., ¶ 4).

Defendants also ask the Court to deny Alleguard's motion to file response because Alleguard's motion was not accompanied by a brief and because Alleguard has not demonstrated good cause for missing the deadline to file a response (*Id*., ¶¶ 12–13).  Alleguard asserts a "calendaring error" on the part of lead counsel, but defendants contend that counsel for Alleguard

5

has missed several deadlines in this case and has failed to keep promises, showing a lack of diligence (*Id.*, ¶ 13). Defendants argue that a vague calendaring error does not amount to excusable neglect and that the Court should deny the motion to file response (*Id.,* ¶ 15 (citing *Hawks v. JPMorgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010)). Further, defendants assert that they were prejudiced by the inability to obtain a rebuttal report (*Id.*, ¶ 16). Defendants contend that granting Alleguard's motion would jeopardize the January 26, 2026, trial setting and result in requiring the Court to extend deadlines for rebuttal experts, *Daubert* motions, and motions for summary judgment and to alter the scheduling order in a manner that would reward Alleguard's delay (*Id.*, ¶ 21).

After considering the filings of the parties and the arguments of counsel at the hearing, the Court grants Alleguard's motion to file response (Dkt. No. 123). The Court agrees with defendants that Alleguard has not provided an adequate explanation for its failure to file a timely response to defendants' motion to exclude expert. The Court does not condone what appears to the Court to be Alleguard's attempts to delay discovery in this case. However, the Court acknowledges that Alleguard produced to defendants the materials that defendants requested in their motion to exclude expert on October 21, 2025. Defendants had the opportunity, on or before September 29, 2025, to move to compel the production of Alleguard's expert's supporting documents, to disclose a rebuttal expert and report as required by the Operative Scheduling Order, or to file a motion to amend the Operative Scheduling Order to permit an extension of the deadline, but defendants failed to do so by the September 29, 2025, deadline. Under these circumstances where neither party appears to have clean hands, the Court grants Alleguard's motion to file a response to defendants' motion to exclude expert and because of the short deadline necessitated by the January 26, 2026, trial date, the Court will consider Alleguard's motion to file response as well as the

arguments made at the hearing as Alleguard's arguments in opposition to defendants' motion to exclude expert (Dkt. No. 123).

### C. Motion To Exclude Expert (Dkt. No. 121)

The Court now turns its attention to defendants' motion to exclude expert (Dkt. No. 121). In the motion to exclude expert, defendants seek first to exclude Alleguard's damages expert report and to exclude Alleguard's expert from testifying at trial, or, in the alternative, to compel the production of the supplemental materials that were not initially produced along with the expert report, and to amend the scheduling order to permit defendants to serve their rebuttal expert disclosures and report (Dkt. No. 121). As set forth above, it is the Court's understanding that, on October 21, 2025, Alleguard provided defendants the supporting materials to its expert report that defendants were seeking to compel in the motion to exclude expert and that the motion to compel portion of the motion to exclude expert is now moot (Dkt. No. 121, ¶ 9). Additionally, as set forth above, defendants failed to disclose a rebuttal expert and report as required by the Court's Operative Scheduling Order (Dkt. No. 120). The Court understands that it is defendants' position that defendants were unable to disclose a rebuttal expert because defendants did not fully understand Alleguard's expert's opinion because defendants did not have the expert's supporting materials in a timely manner. Given all the circumstances, the Court denies defendants' motion to exclude expert but grants defendants' motion to amend the Court's Operative Scheduling Order to permit defendants to disclose a rebuttal expert and report as set forth in this Order.

The Court amends the Operative Scheduling Order as follows:

1. Defendants shall have until **December 8, 2025**, to provide Alleguard with rebuttal expert disclosures, including reports. These disclosures must be in writing, signed, and served.

2. Both Alleguard and defendants shall have until December 31, 2025, to depose each other's expert witnesses. The parties may, should they choose to do so, conduct the expert depositions at the Richard Sheppard Arnold United States Courthouse. If the parties choose to conduct the depositions at the Courthouse, please contact Tracy Washington, Courtroom Deputy for The Honorable Kristine Baker, to arrange a room for the deposition. If the parties do not choose to hold the expert depositions at the Richard Sheppard Arnold United States Courthouse, Judge Baker will be available by telephone should any objections arise during the course of the depositions that require a ruling from the Court.

3. All motions, except motions for class certification and motions *in limine*, must be filed on or before **January 6, 2026**.

4. Motions filed pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), must be filed on or before **January 6, 2026**. They shall not be filed as a motion *in limine*.

5. Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 no later than **January 12, 2026**. That witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests. Objections to opposing parties' pretrial disclosure sheets will be due on **January 20, 2026**.

6. All trial briefs must be filed no later than **January 12, 2026**. Responding trial briefs must be filed no later than **January 20, 2026**.

7.  Responses to motions for summary judgment and *Daubert* motions shall be filed on or before **January 20, 2026**. The Court does not foresee permitting any reply briefs given the abbreviated schedule.

8.  The case remains scheduled for a bench trial some time the week of **January 26, 2026**. Unless specifically modified by this Court in a written Order, all other deadlines previously set remain in effect (Dkt. No. 120).

The Court denies defendants' motion to exclude Alleguard's damages expert's report and to exclude Alleguard's damages expert from testifying at trial based on the failure to disclose the supplemental material when Alleguard initially produced the expert report on August 29, 2025 (Dkt. No. 121). The Court will still entertain a motion to exclude Alleguard's expert's testimony on *Daubert* grounds or other evidentiary grounds if a timely motion is made as set forth in this Order. The Court denies as moot defendants' motion to compel and grants defendants' motion to amend the Operative Scheduling Order as set forth in detail above (*Id.*).

### III. Alleguard's Motion To Extend Discovery Deadlines And Continue The Trial Date (Dkt. No. 127)

Alleguard filed a motion to extend deadlines (Dkt. No. 127). In the motion, Alleguard notes that in the Operative Scheduling Order, the discovery deadline was November 12, 2025, and the *Daubert* and dispositive motions deadlines are November 28, 2025, with motions *in limine* due on January 12, 2026 (Dkt. No. 127, ¶ 2). Alleguard argues that, because of unresolved discovery disputes, there is good cause to modify the scheduling order and continue the trial (*Id.* ¶ 4). Alleguard identifies four categories of discovery that are not complete: depositions of expert witnesses, late disclosure of over 50 new witnesses by defendants, ongoing conferral over written discovery, and Alleguard's 30(b)(6) notice to defendant Creative Foam (*Id.*, ¶ 5).

9

At the hearing, defendants opposed Alleguard's motion. Defendants pointed out that this case has been pending for over two and a half years, and defendants argue that Alleguard's delays have caused discovery to be incomplete.

As set forth above, the Court has determined that several deadlines in the Court's Operative Scheduling Order should be extended because all of the parties to this case have acted in ways that have caused delays in discovery. The Court does not find that there is good cause to delay the bench trial in this case because the case has been pending for over two and a half years and discovery is substantially complete. Accordingly, Alleguard's motion to extend deadlines is granted, in part, and denied, in part (Dkt. No. 127). The Court amends several deadlines in the Operative Scheduling Order as set forth specifically in this Order, but the case remains set for a bench trial the week of January 26, 2026.

### IV.     Creative Foam's Motion For Protective Order (Dkt. No. 128)

Also before the Court is Creative Foam's motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). Federal Rule of Civil Procedure 26(c) provides:

> **(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26

Creative Foam states that on October 29, 2025, 14 days before the discovery cutoff, Alleguard served a Rule 30(b)(6) deposition notice unilaterally setting a deposition on November 12, 2025, the last day of discovery, that demanded that Creative Foam identify, prepare, and produce corporate designees to testify on 25 broad topics covering nearly every aspect of the case

10

(Dkt. No. 128, ¶ 4). On November 4, 2025, Creative Foam served objections to Alleguard and asked to confer (*Id.*, ¶ 5). Alleguard responded that they were available to meet on November 10, 2025, two days before the scheduled deposition (*Id.*). When asked if Alleguard would withdraw the notice of deposition, Alleguard refused (*Id.*).

As Creative Foam notes, discovery has been ongoing in this case for almost 14 months. Alleguard has had ample opportunity to schedule the deposition of Creative Foam's 30(b)(6) designee within the discovery period. Additionally, defendants point out that Alleguard has already taken the depositions of Creative Foam's owner, Greg Oaks, and its employee, Charles Tyner, who have provided substantial information regarding the information requested by Alleguard. Defendants argue that it is unreasonable and indicates a motivation to delay discovery, and perhaps the trial of this matter, for Alleguard to serve this broad ranging 30(b)(6) notice of deposition so late in discovery.

In an informal response to the Court, Alleguard states that, after receiving defendants' motion to dismiss voluntarily their counterclaims with prejudice, Alleguard will eliminate seven of the 25 topics from its Rule 30(b)(6) notice that relate to defendants' counterclaims.

Even with these seven topics eliminated, Alleguard's choice to send a Rule 30(b)(6) notice of deposition on October 29, 2025, that schedules a Rule 30(b)(6) deposition of Creative Foam for the last day of the discovery period listing 25 broad ranging topics on which the appropriate designee must testify fails to comply with the Court's Operative Scheduling Order (Dkt. No. 120, ¶ 2). The Court's Operative Scheduling Order requires that "[a]ll discovery requests and motions must be filed sufficiently in advance of the discovery deadline set forth in this order to allow for a timely response." (Dkt. No. 120, ¶ 2). Filing the Rule 30(b)(6) notice of deposition setting a deposition of this nature for the last day of discovery without first consulting opposing counsel

about availability fails to comply with the Court's Order requiring that all discovery requests be made with sufficient time to permit a timely response to the request, and the Court will not permit the deposition.

Accordingly, the Court grants Creative Foam's motion for protective order and quashes Alleguard's October 29, 2025, Rule 30(b)(6) deposition notice in its entirety (Dkt. No. 138, ¶ 9). All parties are precluded from conducting any further discovery beyond what is expressly permitted by this Order or by any Order made by Judge Ray to resolve disputes already raised by the parties.

### V.     Motion To Voluntarily Dismiss Counterclaims (Dkt. No. 131)

Defendants have filed a motion for voluntary dismissal of their counterclaims pursuant to Rule 41 of the Federal Rules of Civil Procedure (Dkt. No. 131). Alleguard has filed a response to defendants' motion for voluntary dismissal of their counterclaims (Dkt. No. 135). For the following reasons, the Court grants defendants' motion for voluntary dismissal of their counterclaims (Dkt. No. 131).

Defendants state that discovery is now substantially complete, and, upon further review of the record evidence, defendants have determined that dismissal of their counterclaims with prejudice is appropriate (*Id*., ¶¶ 7; 11).

Among defendants' counterclaims were claims related to Tyner's compensation. Defendants state in their brief supporting their motion that on the date they filed the motion they received wage and commission records produce by Alleguard indicating that payment may have been made for the sales at issue in the counterclaims (Dkt. No. 132, at 3). Defendants state that their review of the discovery caused them to determine that dismissal of their counterclaims is the appropriate course and is consistent with judicial economy (*Id*.).

Defendants further argue that Alleguard is not entitled to recover attorneys' fees and costs because they seek voluntary dismissal of their counterclaims with prejudice (*Id.*, at 4 (citing *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("We continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances."); *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) ("When a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorneys' fees have almost never been awarded."); *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985) ("Fees are not awarded [under Rule 41(a)(2)] when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again."); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (holding that attorney fees are not proper under Rule 41(a)(2) where the dismissal is with prejudice)). *See De Castro v. Castro*, Case No. CV 18-1449 (DWF/ECW), 2021 WL 1600482, at *2 (D. Minn. Apr. 23, 2021) (determining that "there is no Eighth Circuit precedent for imposing attorney's fees and costs as a condition for voluntary dismissal with prejudice" and declining to do so because there were no exceptional circumstances warranting doing so); *Ferrari v. Best Buy Co.*, Case No. CV 14-2956 (DWF/FLN), 2016 WL 5508818, at *6 (D. Minn. Sept. 28, 2016) (determining that an award of attorney fees would be "inappropriate" because the case was being voluntarily "dismissed with prejudice.").

Alleguard responds that it does not oppose the Court granting defendants' dismissal of their counterclaims, but because, according to Alleguard, the motion "rests solely on serious, blatantly false statements and misrepresentations to the Court and fails to explain why these counterclaims were not dismissed much sooner," Alleguard asserts that it is premature for the Court to rule on Alleguard's right to recover its reasonable fees and costs (Dkt. No. 135, at 1–2). Alleguard contends that the evidence produced on November 12, 2025, the date that defendants filed their

13

motion to dismiss voluntarily their counterclaims, was not "new evidence" because it was the same evidence that had been produced on May 12, 2025, albeit in a different format (Dkt. No. 135, at 2–3). Alleguard maintains that these records had nothing to do with defendants' other counterclaims for defamation and tortious interference, and defendants have not offered any explanation for dismissing these counterclaims (*Id*., at 3). Alleguard asserts that "defendants have delayed unnecessarily and have caused Plaintiff to incur not-insignificant expense defending against their baseless counterclaims as a result" (*Id*., at 4).

Alleguard argues that Federal Rule of Civil Procedure 41(a)(2) allows the Court broad discretion and empowers the Court to order dismissal "on terms the Court considers proper." Fed. R. Civ. P. 41(a)(2). Alleguard acknowledges that it is not typical to award fees and costs where the dismissal is with prejudice, but it argues that it is "within the range" of terms that a Court might consider proper in a particular case when there are extraordinary circumstances (*Id*., at 4 (citing *Carroll v. E One Inc*, 893 F.3d 139, 149 (3d Cir. 2018) (determining that exceptional circumstances existed to award attorneys' fees and costs upon a voluntary dismissal with prejudice where a litigant failed to perform a meaningful pre-suit investigation, and litigant had a repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (determining that that fees may be awarded in "exceptional circumstances" where litigant repeatedly brings claims and dismissing them with prejudice, but court did not find exceptional circumstances in that case); *Colombrito v. Kelly*, 764 F.2d 122, 134-35 (2d Cir. 1985) (determining that "Rule 41(a)(2) does not altogether foreclose fees in the event of a dismissal with prejudice" but that such an award might be appropriate if, for example, a litigant had "made a practice of *repeatedly* bringing potentially meritorious claims and then dismissing them with prejudice after

inflicting substantial litigation costs on the opposing party and the judicial system" (emphasis added))).

Because Alleguard does not object to defendants' motion for voluntary dismissal of their counterclaims with prejudice, the Court grants defendants' motion for voluntary dismissal of their counterclaims (Dkt. No. 131).  Defendants' counterclaims are dismissed with prejudice (Dkt. No. 60).

As for attorneys' fees and costs, the Court does not find extraordinary circumstances in this case to withhold a ruling on attorneys' fees and costs as Alleguard requests.  There is no indication on the record before the Court that defendants failed to investigate their counterclaims prior to bringing them.  Further, there is no indication on the record before the Court that defendants have made a practice of *repeatedly* bringing counterclaims and dismissing them with prejudice after causing substantial litigation costs in order to warrant "exceptional circumstances" that would give rise to a later award of attorneys' fees and costs to Alleguard.  Accordingly, defendants' counterclaims are dismissed with prejudice, and each party shall bear its own costs and fees in regard to the counterclaims (Dkt. No. 60).

## VI.     Additional Discovery

On November 19, 2025, Alleguard responded informally to the Court with dates that Alleguard's expert witness is available for deposition and raised for the first time with the Court what appear to be new discovery issues.

With respect to the claimed late disclosure of over 50 new witnesses and service of declarations of testimony after the close of discovery, the Court rules as follows.  If witnesses were disclosed prior to the November 12, 2025, discovery deadline (Dkt. No. 120), and Alleguard concedes many if not all of these 50 witnesses were, those witnesses will be permitted to testify at

the trial of this matter. If Alleguard wishes to challenge the scope of the testimony offered by any witness at trial based on a claim that the testimony offered is outside the scope of the timely disclosure, Alleguard may do so, and the Court will rule on contemporaneous objections at trial. The Court is aware of no general requirement that declaration testimony be disclosed in advance of its use by a party and prior to a discovery deadline. However, the Court will rule on contemporaneous objections to the use or attempted use of declaration testimony.

Further, the Court rules that no party may raise a new discovery issue now, after the close of discovery, that was not previously raised with this Court or with Judge Ray. All parties have had ample time for discovery in this case and have had the resources of the Court available to rule on their disputes to keep discovery moving in this case. For example, if Creative Foam's financial statements are not the subject of a pending request with Judge Ray, Alleguard may not raise an issue now about these documents. Likewise, if Alleguard's customers contacted or solicited since joining Creative Foam are not the subject of a pending request with Judge Ray, Alleguard may not raise an issue now about this topic. Judge Ray will address the remaining pending disputes before him to resolve only those disputes.

### VII. Conclusion

The Court grants Alleguard's motion to file a response to defendants' motion to exclude expert (Dkt. No. 123). The Court has considered Alleguard's motion to file response in ruling on defendants' motion to exclude expert, as well as arguments made by Alleguard's counsel at the hearing on this matter (*Id.*). The Court grants, in part, and denies, in part, defendants' motion to exclude Alleguard's expert report, or, in the alternative, motion to compel and to amend the scheduling order (Dkt. No. 121). The Court denies defendants' motion to exclude Alleguard's damages expert as well as his report, denies as moot defendants' motion to compel, and grants

defendants' motion to amend the Operative Scheduling Order (*Id*.). The Court amends the Operative Scheduling Order as set forth in detail in this Order. The Court grants, in part, and denies, in part, Alleguard's motion to extend discovery deadlines as set forth in detail in this Order, but the Court denies Alleguard's motion to continue the trial date (Dkt. No. 127). The Court grants Creative Foam's motion for protective order (Dkt. No. 128). The Court grants defendants' motion for voluntary dismissal of their counterclaims (Dkt. No. 131). Defendants counterclaims are dismissed with prejudice with each party to bear its own costs and fees (Dkt. No. 60).

It is so ordered this 21st day of November, 2025.

_____
Kristine G. Baker
Chief United States District Judge