**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FOAM HOLDINGS, INC.**
**d/b/a Alleguard** **PLAINTIFF**

**v.** **Case No. 4:23-cv-00320-KGB**

**CREATIVE FOAM PRODUCTS, LLC, *et al.*** **DEFENDANTS**

# ORDER

Before the Court are plaintiff Foam Holdings, Inc. d/b/a Alleguard's ("Alleguard") objections to United States Magistrate Judge J. Thomas Ray's February 11, 2025, and April 3, 2025, non-dispositive Orders and incorporated brief in support filed April 17, 2025 (Dkt. No. 110). Defendants Creative Foam Products, LLC and Charles Tyner ("Defendants") responded to Alleguard's objections (Dkt. No. 112). To the extent these objections require a ruling, for the following reasons, the Court overrules Alleguard's objections and affirms Judge Ray's Orders (Dkt. No. 110).

## I. Background

In an Order entered on January 29, 2025, the Court referred to Judge Ray for decision pending discovery motions as well as "any future discovery disputes in this case." (Dkt. No. 94). After the Court entered its referral Order, Judge Ray held the following telephone conferences with the parties:

1. Discovery Hearing held February 11, 2025 (Dkt. No. 99 – Transcript Dkt. No. 107)
2. Discovery Hearing held February 26, 2025 (Dkt. No. 106)
3. Discovery Hearing held April 3, 2025 (Dkt. No. 111 – Transcript Dkt. No. 260)
4. Discovery Hearing held May 12, 2025 (Dkt. No. 115 – Transcript Dkt. No. 126)

5. Discovery Hearing held November 24, 2025 (Dkt. No. 137 – Transcript Dkt. No. 140)

At each discovery conference, Judge Ray made rulings on the record to resolve the parties' discovery disputes (Dkt. Nos. 107; 260; 126; 140).

Following briefing on Alleguard's objections to Judge Ray's February 11, 2025, and April 3, 2025, discovery rulings, the Court held two hearings with the parties. The Court held a motion hearing with the parties on November 12, 2025 (Dkt. No. 133), and a pre-trial conference on January 22, 2026 (Dkt. No. 208).

At the hearing with the parties on November 12, 2025, to consider, among other things, Defendants' motion to exclude Alleguard's expert report and Alleguard's motion for extension of time to complete discovery and continue trial date (Dkt. Nos. 121; 127; 139), the Court had a lengthy conversation with counsel for the parties about discovery that remained to be completed in the case. The parties discussed issues with respect to expert reports and financial information Alleguard sought from Defendants (Dkt. No. 139, at 10–13, 19–20). At no time did counsel for Alleguard press the Court for a ruling on its objections to Judge Ray's February 11, 2025, and April 3, 2025, discovery Orders (Dkt. No. 139).

The following exchange occurred on the record during the November 12, 2025, hearing with the Court related to the motions pending before the Court:

> THE COURT: Anything else that anyone wishes to say about the motions that are pending before me? I know Judge Ray has motions pending before him or at least requests with respect to follow-up discovery. He and I conferred in regard to the timing that's at issue with respect to the case and we'll confer again after this telephone hearing. What I intend to do today is to take under advisement these motions. I will issue rulings in short order. Right now everyone should plan that the trial date remains the week of January 26th, 2026. And it's very unlikely that that trial date will move. In regard to additional discovery, the discovery deadline stands. . . . So I'll leave it at that.

> I'll let the lawyers make any other arguments or statements you wish to make about the motions pending before me. I'll confer with Judge Ray with respect to these discovery issues and matters, and I'll issue a written ruling on that, but everybody on the call needs to plan moving forward the week of January 26, 2026. Counsel for Plaintiff, anything you wish to say?
>
> MS. TAYLOR: I don't think so, Your Honor. I appreciate you taking the time to hear from us on this.

(Dkt. No. 139, at 21–23).

At the pre-trial conference, the Court took up what it believed to be all pending motions before the Court (Dkt. No. 253). At the conclusion of the pre-trial hearing, the Court specifically asked counsel for Alleguard if there were any other matters that counsel wished to raise with the Court, and counsel for Alleguard did not ask the Court for a ruling on its objections to Judge Ray's February 11, 2025, and April 3, 2025, discovery rulings (Dkt. No. 253, at 47–49).

The Court required that the parties file pretrial disclosure sheets (Dkt. No. 120, at 2). As part of the pretrial disclosure sheets, parties are to list pending motions (*Id.*, *see* Local Rule 26.2(6) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas). Alleguard did not list its objections to Judge Ray's February 11, 2025, and April 3, 2025, discovery Orders as a pending motion (Dkt. No. 177, at 3–4).

The bench trial in this matter began on April 27, 2026, because of a delay with the January trial due to inclement weather (Dkt. Nos. 243; 244; 247). At several points during the first three days of trial, Defendants sought to prohibit Alleguard from introducing, through either testimony or exhibits, information it argued was not properly disclosed in discovery. The Court agreed to permit Alleguard the opportunity to provide briefing on the issue and provide Bates Numbers of documents it may or may not have produced on various topics (Dkt. No. 248). Alleguard filed a brief on discovery issues raised during first three days of trial (Dkt. No. 252). Defendants filed a

response to Alleguard's brief, and Alleguard filed a reply in support of its brief (Dkt. Nos. 255; 258).

This Order focuses only on Alleguard's claim raised for the first time in its brief on other discovery issues that the Court failed to rule on its objections to Judge Ray's February 11, 2025, and April 3, 2025, discovery Orders (Dkt. No. 252, at 5–6, 37–38). Despite making no arguments to the Court suggesting that it still required rulings on Judge Ray's February 11, 2025, and April 3, 2025, discovery Orders prior to or during the first three days of trial, Alleguard now insists that a ruling on these discovery issues is required to move forward (Dkt. No. 252). To the extent these objections require a ruling, for the following reasons, the Court overrules Alleguard's objections and affirms Judge Ray's Orders (Dkt. No. 110).

## II. Analysis Of Objections

Alleguard makes three objections to Judge Ray's discovery Orders in its objections (Dkt. No. 110). The Court will discuss each in turn.

Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Under Local Rule 72.1(VII)(B) of the Eastern and Western Districts of Arkansas, "[a] party may appeal the Magistrate Judge's ruling by filing a motion within fourteen (14) days of the Magistrate Judge's decision unless a shorter period is set by the District Judge or Magistrate Judge." Local Rule 72.1(VII)(B). Such a motion "shall specifically state the rulings excepted to and the basis for the exceptions." *Id.* On appeal of a magistrate judge's order, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

### A. Alleguard's Claim Of Lack Of Limitation On Discovery

For its first objection, Alleguard opposes what it characterizes as Judge Ray's Order during his April 3, 2025, discovery hearing that Alleguard produce "every document possibly relevant to the claims, defenses and counterclaims" because Alleguard asserts that such an Order is contrary to law because that type of Order is not proportional to the needs of the case (Dkt. No. 110, at 19 (citing Fed. R. Civ. P. 26(b)(1)).

The Court overrules Alleguard's objection to Judge Ray's Order because Judge Ray's Order is not clearly erroneous (*Id.*). As an initial matter, Alleguard mischaracterizes Judge Ray's careful, and at times very narrow, rulings during the course of discovery in this matter on the documents that Alleguard was required to turn over in discovery (*see* Dkt. Nos. 107; 260, at 18–23, 24–25, 31–50; 258). A day prior to the April 3, 2025, discovery hearing, Alleguard made a hasty and untimely response to discovery to attempt to comply with Judge Ray's February 11, 2025, discovery rulings, and Judge Ray found Alleguard's attempt at compliance insufficient and untimely (Dkt. No. 260, at 14–15, 17–19). In the midst of the one hour and 41 minute discovery hearing on April 3, 2025, Judge Ray explained that Alleguard had made "specific serious allegations" in its complaint and that Defendants are entitled to see "documents in your possession that back up those allegations." (Dkt. No. 260, at 19). Judge Ray stated:

> I went through painfully request for production by request for production, interrogatory by interrogatory [on February 11, 2025]. I found some of them -- I sustained the objections you were making, but overwhelmingly they were overruled and denied with me being very specific on how you needed to supplement those interrogatories to provide full and complete answers as well as how and why you needed to provide all the relevant documents that were responsible for those

> requests for production. And many of those documents were directly related to, show us your cards on what the documents are that support your claim.
>
> * * *
>
> I am giving you ten days to produce every single document in the possession of Alleguard that within the broad definition of relevance is relevant to any of the requests for production that were filed in this case. And I'm not going to allow you to withhold anything except documents that you deem privileged, and they need to be in a privileged log
>
> * * *
>
> These better be all the documents - - and they're required to be and they must be all of the documents in Alleguard's possession that the defendants have requested in this case that may be relevant to any claim you've asserted against them, as well as any defenses that the defendants have raised in this case. . .

(Dkt. No. 260, at 20, 23, 24–25).

The Court also overrules Alleguard's objection to Judge Ray's Order because it is not contrary to law. Judge Ray required Alleguard to turn over non-privileged matter that is relevant to any of its claims or defenses as required by Federal Rule of Civil Procedure Rule 26(a)(1)(A)(ii) as well as responses to the interrogatories and requests for production to which Judge Ray had ordered Alleguard to respond during his lengthy February 11, 2026, discovery conference with the parties (Dkt. Nos. 107; 260, at 19–20). To the extent that Alleguard argues that Judge Ray did not require Defendants to set forth narrowly tailored and specific document requests, the Court rejects Alleguard's argument, and the record before the Court belies Alleguard's assertion (*see* Dkt. Nos. 107; 260; 258). Judge Ray spent significant time in this case going through discovery requests with the parties on the record to assure that the discovery requests of both sides were narrowly tailored and proportional to the needs of the case (*see* Dkt. Nos. 107; 140; 260; 126). The Court overrules Alleguard's objection to Judge Ray's Order on April 3, 2025, that Alleguard turn over non-privileged documents in its possession related to its claims and defenses in this lawsuit.

**B. Alleguard's Claim Of Punitive Sanctions**

In its objections, Alleguard asserts that Judge Ray erred by punitively denying Alleguard its right to supplement its document production, effectively imposing a sanction of exclusion of unidentified evidence (Dkt. No. 110, at 22–26). The Court overrules this objection because it misstates the record in this case. First, Judge Ray did not impose a sanction. During the April 3, 2025, hearing Judge Ray referenced the potential for a "very serious consequence" if any document was produced after the ten-day period he established for Alleguard to produce documents (Dkt. No. 110, at 23). Judge Ray stated on the record at the hearing that he believed that what Alleguard had done previously was "try to stymie at every turn producing to the defendants the documents that support each claim you've asserted in your complaint that is responsive to the request for production of documents." (Dkt. No. 260, at 26). On the record before the Court, Judge Ray never found that Alleguard had withheld production of documents nor did he impose a consequence for withholding production. The record before the Court indicates that the matter of supplementation of production was discussed again at a discovery hearing Judge Ray held with the parties on May 12, 2025, conducted after Alleguard filed these objections (Dkt. No. 126, at 71–75; *see also* Dkt. No. 110).

At that time, during the May 12, 2025, hearing before Judge Ray, counsel for Alleguard raised with Judge Ray that Alleguard was under the impression that he had told Alleguard that it could not supplement its production of documents (Dkt. No. 126, at 71–75). Judge Ray acknowledged that, if he had said that during the discovery hearing on April 3, 2025, it was an error (*Id.*). Judge Ray clarified on the record with counsel that Alleguard *was* entitled to supplement its responses to requests for production of documents under the Federal Rules of Civil Procedure, and he hoped that Alleguard would supplement its requests for production of

documents any time that new documents came to light (*Id.*). Counsel for Alleguard acknowledged on the record its understanding of Judge Ray's correction of the alleged error (*Id.*, a 73–74).

In the light of Judge Ray's correction on the record of any possible error and counsel for Alleguard's acknowledgement of understanding of the correction, the Court overrules Alleguard's objection on this point as moot. Moreover, this clarification by Judge Ray came well before the trial of this matter started in April 2026 (Dkt. Nos. 243; 244; 247) and can provide no basis for conduct of counsel with respect to discovery and trial matters.

### C. Alleguard's Objections To Judge Ray's February 11, 2025, Discovery Orders

Alleguard objects that Judge Ray's rulings on Defendants' motion to strike and compel discovery at the February 11, 2025, discovery hearing should be revisited to take into consideration Alleguard's objections, Rule 26 proportionality requirements, and the proper scope of discovery and e-discovery in this case (Dkt. No. 110, at 27–29). Alleguard's objections to Judge Ray's February 11, 2025, Orders are overruled because they were untimely filed. Under Local Rule 72.1(VII)(B) of the Eastern and Western Districts of Arkansas, "[a] party may appeal the Magistrate Judge's ruling by filing a motion within fourteen (14) days of the Magistrate Judge's decision unless a shorter period is set by the District Judge or Magistrate Judge." Local Rule 72.1(VII)(B). Here, Judge Ray ruled from the bench at the discovery hearings that he held on February 11, 2025. According to Local Rule 72.1(VII)(B), Alleguard's time to file its objections to Judge Ray's February 11, 2025, rulings began on the day he made his rulings on the record, and expired on February 25, 2025. Alleguard did not object to Judge Ray's Orders until April 17, 2025. The Court overrules Alleguard's objections because they were untimely filed. Even were the Court to consider the merits of Alleguard's objections to Judge Ray's February 11, 2025,

discovery Order, the Court would overrule the objections; having examined the record before it, the Court is satisfied Judge Ray's rulings were not clearly erroneous or contrary to law.

## III. Conclusion

For all of these reasons, the Court overrules Alleguard's objections to Judge Ray's February 11, 2025, Orders because they were untimely filed and, in the alternative, are not clearly erroneous or contrary to law. The Court overrules Alleguard's objections to Judge Ray's April 3, 2025, Orders, in part, because Judge Ray's Orders are not clearly erroneous or contrary to law and, in part, because Alleguard's objections are moot based on Judge Ray's clarifications on the record on May 12, 2025, and Alleguard's acknowledgement of those clarifications (Dkt. No. 110).

It is so ordered this 7th day of August, 2026.

Kristine G. Baker
Chief United States District Judge